UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Glenn Harold Delpha, Sr.,

    Petitioner,

    v.                                        Civil No. 2:16-cv-160-cr-jmc

Southern State Correctional Facility,

    Respondent.

## REPORT AND RECOMMENDATION
(Docs. 1, 3)

Glenn Harold Delpha, proceeding *pro se*, is a pretrial detainee in the custody of the State of Vermont who has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C § 2254.  (Doc. 1.)  Delpha is awaiting trial in the Rutland Superior Court on a charge of aggravated assault with a deadly weapon.  (Doc. 5-1.)  Apparently frustrated by the pace of state criminal proceedings, he asks that this court "take over [his] case." (Doc. 1 at 1.)  Presently before the court is Respondent's Motion to Dismiss the § 2254 Petition.  For the reasons set forth below I recommend that the Motion to Dismiss be GRANTED.  (Doc. 3.)

## Background

Glenn Harold Delpha has been charged in the Superior Court of the State of Vermont (Rutland Unit) with the crime of aggravated assault with a deadly weapon, in violation of Vt. Stat. Ann. tit. 13, § 1024(a)(5).  Delpha is currently represented by

Attorney Mary Kay Lanthier in the state court proceedings.  (Doc. 5-1 at 6.)  He has been detained on the charge pursuant to Vt. Stat. Ann. tit. 13, § 7553a.  Delpha complains that the Rutland County court "will not give [him a] trial by jurors" because "it cost[s] to[o] much []money."  (Doc. 1 at 5.)  Deputy State's Attorney John Waszak informs the court that a September 21, 2016 jury draw was cancelled and that counsel for Delpha is seeking an independent psychiatric examination of her client.  (Doc. 5.)  Respondent has moved for dismissal of the Petition because of Delpha's failure to exhaust his state court remedies and under the abstention doctrine enunciated in *Younger v. Harris*, 401 U.S. 37 (1971).  (Doc. 3 at 2–5.)

## Analysis

Delpha's Petition for a Writ of Habeas Corpus is brought pursuant to 28 U.S.C. § 2254.  Generally speaking, only challenges to the execution of a sentence and to underlying convictions are brought under § 2254.  This statute governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003). In rare circumstances, pretrial detainees such as Delpha may challenge state detention pursuant to 28 U.S.C. § 2241, which provides that "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions" may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(a), (c)(3); *see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–90 (1973) (state prisoner sought

"only to demand enforcement of [Kentucky's] affirmative constitutional obligation to bring him promptly to trial," rather than to litigate constitutional defenses); *Hoffler v. Bezio*, 726 F.3d 144, 146 (2d Cir. 2013) (state prisoner brought § 2241 petition to prevent New York from retrying him on murder charges arising out of the killing of a prosecution witness scheduled to testify against him at a later trial on drug charges, on the basis that retrial was barred by the Fifth Amendment Double Jeopardy Clause).

    In this case, Delpha is not in custody pursuant to a state court judgment of conviction because he has not been convicted of a state crime. Instead, he is a pretrial detainee subject to the jurisdiction of the Vermont state courts. Therefore, his Petition appears to be properly brought under § 2241. *Braden*, 410 U.S. at 503–04; *Hoffler*, 726 F.3d at 144, 153; *United States ex rel. Scranton v. State of New York*, 532 F.2d 292, 293 (2d Cir. 1976). But Delpha's Petition is premature. Although § 2241 does not explicitly require the exhaustion of state court remedies, courts have required exhaustion to accommodate the principles of federalism. *See Braden*, 410 U.S. at 489–92 (concluding that petitioner exhausted state remedies by making repeated "demands for trial to the courts of Kentucky, offering those courts an opportunity to consider on the merits his constitutional claim of the present denial of a speedy trial," but the state courts rejected his claims); *see also Hoffler*, 726 F.3d at 149–51 (where plaintiff challenged his conviction on direct appeal and challenged his retrial in state court proceedings before filing his § 2241 petition in federal court).

    To satisfy the exhaustion requirement, a petitioner must exhaust state remedies both procedurally and substantively. Procedural exhaustion requires that he raise all

claims in state court prior to raising them in a federal habeas corpus petition.  Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted).  To fully exhaust his claims, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985); *Scranton*, 532 F.2d at 295 (dismissing petitioner's § 2241 petition, in which she sought dismissal of an indictment on speedy trial grounds, for failure to exhaust two state remedies available to her).

It is clear that Delpha has failed to meet the exhaustion requirement because none of his claims have been presented to any state court, much less the highest state court capable of reviewing them.  Even if a petitioner has not met the exhaustion requirement, a court may, "in certain circumstances, address the merits of a habeas petition," if "there is no further state proceeding for petitioner to pursue, or where further pursuit would be futile."  *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000) (citing 28 U.S.C. § 2254(b)(1)(B)(i)–(ii)).  Here, however, there is no basis on the record to conclude that there is an absence of available State corrective process (e.g., no further state proceeding for Delpha to pursue) or that there are circumstances rendering the state court process ineffective to protect Delpha's rights (e.g. where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(i)–(ii).

4

It is also clear from Petitioner's papers that the underlying criminal proceedings against him are ongoing, and there has been no judgment of conviction. Thus Delpha's claims are barred by the *Younger* abstention doctrine, articulated by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), which directs federal courts to refrain from "enjoin[ing] ongoing state court criminal proceedings except in specific, narrow circumstances"—none of which are applicable here. *Hansel v. Town Court for Springfield*, 56 F.3d 391, 393 (2d Cir. 1995). Moreover, a habeas petitioner may not use a federal habeas petition to derail a pending state court criminal proceeding by attempting "to litigate constitutional defenses prematurely in federal court." *Braden*, 410 U.S. at 492; *Allen v. Maribal*, No. 11-CV-2638 (KAM), 2011 WL 3162675, at *2 (E.D.N.Y. July 25, 2011) (dismissing pretrial detainee's section 2241 petition arguing a speedy trial violation, finding that the court "cannot permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."); *see also Younger*, 401 U.S. at 43–45. Once the state criminal proceedings against Delpha have concluded, and his appeals and/or other state court collateral proceedings, if necessary, are exhausted, he may then seek federal habeas relief pursuant to 28 U.S.C. § 2254.

## Conclusion

In this matter the exhaustion requirement has not been met. Furthermore, the *Younger* abstention doctrine applies as Delpha has not been convicted of any offense. I therefore recommend that Respondent's Motion be GRANTED and the Petition be DISMISSED. I further recommend that no certificate of appealability should issue in this

case because Delpha has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated at Burlington, in the District of Vermont, this 27th day of October, 2016.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).